UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GAIGE BERGER,

        Plaintiff,

        v.                            CAUSE NO. 3:26-CV-133-PPS-JEM

M. BURKE, et al.,

        Defendants.

## OPINION AND ORDER

Gaige Berger, a prisoner without a lawyer, filed an amended complaint alleging the defendants in this case subjected him to unconstitutional conditions of confinement because the toilet in his cell did not work for seventeen days. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Berger alleges that, on January 14, 2025, while he was housed in solitary confinement at Westville Control Unit, his toilet stopped working. ECF 7 at 2-3. He could not flush his toilet, which resulted in his toilet being full of urine and feces. *Id*. at 3. Berger states his cell reeked of urine and feces and he was forced to eat in his cell despite the conditions. *Id*. He developed headaches from the constant smell of urine and

feces, and at times, he could not eat because of the smell. *Id*. at 4. He lived in these conditions for seventeen days until his toilet was fixed on January 31, 2025. *Id*. at 3, 6.

In his amended complaint, Berger asserts he reported his toilet issue to many officers and sergeants. Initially, on January 14, 2025, Berger notified Officer Clemons that his toilet did not work. *Id*. at 2. Officer Clemons told Berger he would submit a work order to have the toilet fixed. *Id*. The next day, on January 15, 2025, Berger told Officer Ryan[1] that his toilet was not working. *Id*. Officer Ryan notified his sergeant about the issue. *Id*.

Berger contends that from January 14, 2025 through January 31, 2025, he notified Officer Clemons, Sergeant M. Burke, Officer Henrich, and Officer Baty several times a day when they made their daily rounds in A-Pod that his toilet was not working. *Id*. at 2, 4, 6. They all submitted work orders and notified Lt. Devilla of the problem but to no avail.[2] *Id*. at 4, 6. On another occasion, in January 2025, he also notified Officer Stroh that his toilet was not working. *Id*. at 4. Officer Stroh told Berger he would report the issue to Sergeant Potchen. *Id*. Sergeant Potchen submitted a work order, but he told Berger that he could not move him because there were no open cells. *Id*. However, Berger contends there were open cells and emergency maintenance staff should have been contacted. *Id*.

In mid-to-late January 2025, Berger asked a family friend to contact Indiana Department of Correction and Westville Control Unit staff about his broken toilet. *Id*. at

---

[1] Berger has not named Officer Ryan as a defendant in this case.

[2] Berger has not named Lt. Devilla as a defendant in this case.

2

2, 5. On January 25, Berger's friend spoke with Sergeant Nolan[3] and described the extent of his toilet issue. *Id*. at 5. Sergeant Nolan instructed two officers to fix Berger's toilet, but their attempt to fix it was unsuccessful. *Id*. Sergeant Nolan then reported the issue to Lieutenant Jones, who told Sergeant Nolan that he would submit a work order but Berger could not be moved because there were no open cells. *Id*. Again, Berger says there were in fact available cells. *Id*.

Berger next alleges that, on another occasion in mid-January 2025, he informed Captain Lewis about his broken toilet, the problems it was causing, and the issues with having it fixed. *Id*. at 6. Captain Lewis told Berger he would have the toilet fixed. *Id*.

On January 27, 2025, Berger notified Major Cornette, Lt. Devilla, and Captain Rippe[4] that his toilet had not worked for two weeks. *Id*. A work order was submitted and Major Cornette instructed Officer Henrich to notify Officer Burke if Berger's toilet was not fixed that day, and he would be moved to another cell. *Id*.

On January 29, 2025, Berger filed a grievance about his broken toilet. *Id*. at 3, 7. He states he did not receive a response from Grievance Specialist Shannon Smith until late February, at which point, he attempted to file an appeal. *Id*. at 3. Berger asserts he filed other grievances, but she did not respond to them. *Id*. at 7.

Berger also claims that Maintenance Worker "John Doe" did not promptly respond to work orders directing him to fix his toilet. *Id*. at 7. He states a number of

---

[3] Berger has not named Sergeant Nolan as a defendant in this case.

[4] Berger has not named Major Cornette and Captain Rippe as defendants in this case. As noted previously, Lt. Devilla is likewise not a defendant in this case.

3

officers gave Maintenance Worker Doe work orders, but it still took seventeen days to have his toilet fixed. *Id.*

In sum, Berger asserts that the defendants subjected him to cruel, unsafe, and unsanitary conditions of confinement because it took seventeen days to fix his toilet and, during that period, they refused to move him to a cell with a working toilet. *Id.* at 7-9. Berger seeks monetary damages and injunctive relief. *Id.* at 10.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

An official can violate the Constitution if he or she exhibits deliberate indifference to conditions that may seriously harm an inmate. *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). Deliberate indifference encompasses both objective and subjective components:

> A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety. Second, in covering the subjective component of the inquiry, the inmate must prove that prison officials acted with deliberate indifference — that they knew of and disregarded this excessive risk of harm to the inmate.

*Id.* at 719–20 (internal quotation marks, citations, and brackets omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the

4

defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted). "Negligence, or even objective recklessness, is insufficient to satisfy deliberate indifference." *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022).

Berger claims he repeatedly notified Officer Clemons, Sergeant Burke, Officer Henrich, and Officer Baty several times a day when they made their daily rounds in A-Pod that his toilet was not working. Even though several of these officers submitted work orders, Berger's toilet was filled with urine and feces and yet was not promptly fixed. Therefore, giving Berger the inference to which he is entitled at this stage, I find that he has plausibly alleged Eighth Amendment deliberate indifference claims against Officer Clemons, Sergeant Burke, Officer Henrich, and Officer Baty for knowingly housing him in an unsanitary cell with a broken toilet filled with urine and feces from January 14, 2025 through January 31, 2025.

However, with respect to Officer Stroh, Sergeant Potchen, Lieutenant Jones, and Captain Lewis, Berger has not stated Eighth Amendment deliberate indifference claims. Berger alleges that from January 14, 2025 through January 31, 2025, he reported his toilet issue to Officer Stroh and Captain Lewis on only one occasion. He states that, after Officer Stroh notified Sergeant Potchen about the broken toilet, Segreant Potchen submitted a work order to have it fixed. As to Lieutenant Jones, after he learned Berger's toilet was not working, he also submitted a work order. Given the limited contact Berger had with each of these four defendants, there are not enough facts from which it can be plausibly inferred that they were deliberately indifferent to Berger's conditions of confinement. He therefore has not stated claims against them.

5

To the extent Berger asserts Grievance Specialist Smith violated his due process rights because she did not respond to his grievances, he has not stated a claim. Berger has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, Berger may not proceed on the claim against Smith.

Furthermore, to the extent Berger asserts that Maintenance Worker Doe was deliberately indifferent to his conditions of confinement because he did not promptly respond to work orders, he has not stated a claim. Berger has not plausibly alleged that Maintenance Worker Doe knew about his broken toilet or that it was filled with urine and feces. Berger also asserts that the maintenance staff claimed they did not know his toilet was not working and needed to be fixed. Therefore, he may not proceed against Maintenance Worker Doe.

For these reasons, the court:

(1) GRANTS Gaige Berger leave to proceed against Officer Clemons, Sergeant Burke, Officer Henrich, and Officer Baty in their individual capacities for compensatory and punitive damages for knowingly housing him in an unsanitary cell with a broken toilet filled with urine and feces from January 14, 2025 through January 31, 2025, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Officer Stroh, Sergeant Potchen, Lieutenant Jones, Captain Lewis, Grievance Specialist Shannon Smith, and Maintenance Worker John Doe;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) on Officer Clemons, Sergeant Burke, Officer Henrich, and Officer Baty at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 7);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Clemons, Sergeant Burke, Officer Henrich, and Officer Baty to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  July 10, 2026.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT